**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ACCELERATE LEARNING INC., ) | |
| ) | Civil Action No. 4:16-cv-02665 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RENAISSANCE LEARNING, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND
DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF**

Defendant/Counterclaim-Plaintiff Renaissance Learning, Inc. ("Renaissance Learning")

responds to the allegations of Plaintiff's Original Petition for Declaratory Judgment filed by

Plaintiff/Counterclaim-Defendant Accelerate Learning, Inc. as follows:

**NATURE OF ACTION**

1.      Renaissance Learning admits that Accelerate Learning seeks a declaration under

the Texas Declaratory Judgment Act that it has not infringed upon or diluted the claimed

trademark rights of Renaissance Learning.   Renaissance Learning denies that Accelerate

Learning is entitled to such a declaration as its trade name, trademark and logo infringe and harm

Renaissance Learning's federal and common law trademark rights.

**DISCOVERY LEVEL**

2.      Renaissance Learning denies the allegations in Paragraph 2.

### THE PARTIES

3.      Renaissance Learning is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.      Renaissance Learning admits the allegations in Paragraph 4.

5.      Renaissance Learning denies the allegations in Paragraph 5.

6.      Renaissance Learning denies that the District Court of Harris County, Texas has personal jurisdiction over Renaissance Learning because of continuous and systematic contacts with the state of Texas and this County.   Renaissance Learning admits that it sells products and services under its trademarks in the State of Texas and in Harris County, Texas.  Renaissance Learning admits it has appointed an agent for service of process in Texas.  Renaissance Learning admits that it provides services to multiple school districts in this State, including Houston Independent School District, the Alvin Independent School District and the Pearland Independent School District.   Renaissance Learning admits that it sells products and services adapted to the Texas education standards.    Renaissance Learning admits that the Texas Comptroller of Public Accounts website lists it as a vendor that has provided services and products to the State of Texas.  Renaissance Learning admits that it has directed correspondence to Accelerate Learning in Houston, Texas concerning the subject matter of this Complaint. Renaissance Learning denies the remaining allegations of paragraph 6.

7.      Renaissance Learning denies the allegations in Paragraph 7.

8.      Renaissance Learning is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore, denies them.

9.      Renaissance Learning is without information sufficient to form a belief as to the truth of whether Accelerate Learning owns the registered trademark ACCELERATE

LEARNING and Design mark (U.S. Reg. No. 4944039) and therefore denies this allegation. Renaissance Learning admits that Accelerate Learning uses the registered trademark ACCELERATE LEARNING and Design (U.S. Reg. No. 4944039).  Renaissance Learning admits that an application for Accelerate Learning's ACCELERATE LEARNING and Design mark was filed with the United States Patent and Trademark Office on January 6, 2015, and the registration issued on April 26, 2016.  Renaissance Learning denies the remaining allegations of Paragraph 9.

10.    Renaissance Learning admits the allegations of Paragraph 10.

11.    Renaissance Learning admits the allegations in Paragraph 11.

12.    Renaissance Learning admits that it filed an application for the mark ACCELERATING LEARNING FOR ALL with the United States Patent and Trademark Office (Application No. 86/722937) on August 12, 2015 on an intent-to-use basis.  Renaissance Learning is without information sufficient to form a belief as to the truth of when Accelerate Learning's first use in commerce is of Accelerate Learning's ACCELERATE LEARNING trademarks.  Renaissance Learning admits that the filing date for its ACCELERATED LEARNING FOR ALL mark is after the filing date of Accelerate Learning's ACCELERATE LEARNING application.  Renaissance Learning denies the remaining allegations in Paragraph 12, and further states that Renaissance Learning has been using the ACCELERATE LEARNING FOR ALL trademarks since long before Accelerate Learning was formed or used its name or mark in commerce.

13.    Renaissance Learning admits the allegations in Paragraph 13.

14.    Renaissance Learning denies the allegations in Paragraph 14.

15.    Renaissance Learning admits that it filed a Petition for Cancellation of Accelerate Learning's federal trademark registration No. 4944039 at the United States Trademark Trial and

Appeal Board on June 8, 2016, alleging, among other things, that Accelerate Learning's

ACCELERATE LEARNING and Design trademark is confusingly similar to Renaissance

Learning's trademarks and seeking cancellation of Accelerate Learning's federal trademark

registration ("Petition for Cancellation").  Renaissance Learning denies any remaining

allegations in Paragraph 15.

16.     Renaissance Learning admits the allegations in Paragraph 16.

17.     Renaissance Learning admits the allegations in Paragraph 17.

18.     Renaissance Learning admits the allegations in Paragraph 18.

19.     Renaissance Learning admits the allegations in Paragraph 19.

20.     Renaissance Learning admits the allegations in Paragraph 20.

21.     Renaissance Learning admits the allegations in Paragraph 21.

22.     Renaissance Learning denies the allegations in Paragraph 22.

**CLAIM I**
**DECLARATORY JUDGMENT**

23.     Renaissance Learning incorporates its responses to all preceding paragraphs as if

fully restated.

24.     Renaissance Learning admits the allegations in Paragraph 24.

25.     Renaissance Learning admits the allegations in Paragraph 25.

26.     Renaissance Learning admits the allegations in Paragraph 26.

27.     Renaissance Learning admits the allegations in Paragraph 27.

28.     Renaissance Learning denies the allegations in Paragraph 28.

29.     Renaissance Learning admits that "Accelerate Learning alleges that its use of the

ACCELERATE LEARNING trademarks does not infringe or dilute upon any valid trademark

rights of Renaissance Learning."  However, Renaissance Learning denies that the underlying allegation in Paragraph 29 is true.

30.     Renaissance Learning admits that is has not yet reported actual marketplace confusion to Accelerate Learning.  Renaissance Learning is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore, denies same.

31.     Renaissance Learning denies the allegations in Paragraph 31.

32.     Renaissance Learning is without information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore, denies same.

33.     Renaissance Learning denies the allegations in Paragraph 33.

## JURY DEMAND

34.     Renaissance Learning admits that Accelerate Learning demands that its claims be tried to a jury.  Renaissance Learning also asks that this case be tried to a jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Petition for Declaratory Judgment fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Accelerate Learning is not entitled to declaratory judgement jurisdiction because the requirements of the Texas Declaratory Judgment Act have not been met.

<u>THIRD DEFENSE</u>

Accelerate Learning's requested relief should be denied because it will not resolve all disputes between the parties, and therefore will not terminate the uncertainty or controversy giving rise to the proceeding.

**<u>PRAYER FOR RELIEF</u>**

FOR THESE REASONS, Renaissance Learning respectfully requests that this Court rule or otherwise enter a judgment:

(1)     Dismissing Accelerate Learning's Petition for Declaratory Judgment;

(2)     Ordering that Accelerate Learning take nothing on its claims;

(3)     Requiring Accelerate Learning to pay the costs and attorney fees of this action; and

(4)     Granting such other and further relief as this Court deems just and proper.

**<u>COUNTERCLAIMS</u>**

Defendant/Counterclaim-Plaintiff Renaissance Learning, Inc. ("Renaissance Learning") brings the following counterclaims against Plaintiff/Counterclaim-Defendant Accelerate Learning, Inc. ("Accelerate Learning"):

**<u>THE PARTIES</u>**

1.     Renaissance Learning is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 2911 Peach Street, Wisconsin Rapids, Wisconsin 55495.

2.     Based upon its original petition in the District Court of Harris County, Accelerate Learning is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 5177 Richmond Ave., Suite 1025, Houston, Texas 77056.

## JURISDICTION AND VENUE

3.     This is an action for trademark infringement, unfair competition and false designation under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and state trademark infringement, unfair competition, unjust enrichment and dilution. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

4.     This Court has personal jurisdiction over Accelerate Learning because Accelerate Learning has a principal place of business in Houston, Texas and has been and is engaged in distributing, offering to sell and selling products and services that infringe Renaissance Learning's trademarks and in acts that constitute unfair competition.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 (b) and (c) because Accelerate Learning resides in this Judicial District and because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this Judicial District.

## FACTUAL BASIS

6.     Renaissance Learning specializes in pre-kindergarten through senior high school education and professional development for educators.   Renaissance Learning's cloud-based assessment, teaching, and learning solutions provide daily formative assessment and periodic progress-monitoring technology to enhance the curriculum, support differentiated instruction, and personalize practice in reading, vocabulary, writing, and math.   Renaissance Learning's programs are in one third of American schools, and are intended to ensure all students reach their full potential while also enabling schools and districts to meet their academic goals.

7.     As part of its offerings, Renaissance Learning has offered products and services using the ACCELERATED trademark to promote student achievement in the fields of primary

and secondary education**.**  Over the years, Renaissance Learning has developed a family of trademarks around the term ACCELERATED and its different forms (e.g., ACCELERATE, ACCELERATED, and ACCELERATING).

8.      Since as early as November 2012, Renaissance Learning has been using the mark ACCELERATING LEARNING FOR ALL as its primary tagline for its educational products and services.  Renaissance Learning also owns numerous common law trademarks comprised of different forms of the term "accelerate" for its many educationally-based products and services, including ACCELERATE LEARNING.

9.      Renaissance Learning owns several federal trademark registrations for its family of ACCELERATED trademarks, including the following (collectively, with its common law trademarks, "the ACCELERATED Marks"):

| Mark/Name | Status/Key Dates | Full Goods/Services | App. No./Reg. No./Exhibit Info. |
|-----------|------------------|---------------------|-------------------------------|
| **ACCELERATED READER** | Renewed October 29, 2006<br><br>First Use: September, 1985<br><br>Filed: July 6, 1994 Application Registered: October 29, 1996 | (Int'l Class: 09) Computer software for promoting reading achievement used in a computerized reading management program by school teachers | RN: 2011339 SN: 74546193<br><br>See Exhibit A. |
| **ACCELERATED MATH** | Renewed July 4, 2010<br><br>Filed: March 4, 1997 Registered: July 4, 2000 | (Int'l Class: 09) Computer software for promoting achievement in math through the use of lesson and practice exercises | RN: 2364852 SN: 75251590<br><br>See Exhibit B. |
| **ACCELERATED MATH FLUENCY** | Registered Principal Register - Sec. 2(F) | (Int'l Class: 42) Providing an interactive website featuring non-downloadable computer | RN: 4854256 SN: 86512183 |

| Mark/Name | Status/Key Dates | Full Goods/Services | App. No./Reg. No./Exhibit Info. |
|---|---|---|---|
| | Filed: January 23, 2015 Application Registered: November 17, 2015 | software for the training and enhancement of math skills and math achievement and access to interactive educational math materials | See Exhibit C. |
| **ACCELERATED MATH LIVE** | Registered Principal Register - Sec. 2(F) Filed: September 13, 2012 Application Registered: October 29, 2013 | (Int'l Class: 09) Computer software for promoting achievement in math through the use of lesson and practice exercises | RN: 4424206 SN: 85728431 See Exhibit D. |
| **ACCELERATED READER** | Renewed Principal Register - Sec. 2(F) Filed: January 3, 2005 Registered: December 20, 2005 Last Renewal: December 20, 2015 | (Int'l Class: 16) pencils, pens, erasers, stickers, adhesive labels, folders, paper pennants, book marks and printed award certificates (Int'l Class: 26) novelty buttons, prize and award ribbons; cloth patches for clothing | RN: 3032269 SN: 78541018 See Exhibit E. |
| **ACCELERATED READER 360°** | Registered Principal Register - Sec. 2(F) Filed: September 3, 2015 Application Registered: February 23, 2016 | (Int'l Class: 42) Providing an interactive website featuring non-downloadable computer software for promoting reading achievement used in computerized reading management program by school teachers and access to interactive education materials | RN: 4905221 SN: 86746591 See Exhibit F. |
| *ACCELERATED READER 360° and Design*  | Registered Principal Register - Sec. 2(F) Filed: April 16, 2015 Registered: February 9, 2016 | (Int'l Class: 16) Printed publications, namely, educational workbooks, textbooks, worksheets and manuals in the field of reading, early literacy skills for k-12 students and enterprise level academic improvement initiatives (Int'l Class: 41) Educational training and programs | RN: 4899522 SN: 86599610 See Exhibit G. |

| Mark/Name | Status/Key Dates | Full Goods/Services | App. No./Reg. No./Exhibit Info. |
|---|---|---|---|
| | | designed to improve reading comprehension and reading fluency (Int'l Class: 42) Providing an interactive website featuring non-downloadable computer software for promoting reading achievement used in computerized reading management program by school teachers and access to interactive education materials | |
| **ACCELERATED READER ENTERPRISE** | Registered Principal Register - Sec. 2(F)  Filed: September 13, 2012 Application Registered: October 1, 2013 | (Int'l Class: 09) Computer software for promoting reading achievement through the use of lesson and practice exercises | RN: 4409886 SN: 85728422  See Exhibit H. |
| **ACCELERATED VOCABULARY** | Renewed April 29, 2013  Filed: October 11, 2001 Registered: April 29, 2003 | (Int'l Class: 09) Computer software for promoting student achievement in vocabulary through the use of lesson and practice exercises | RN: 2712060 SN: 76/323933  See Exhibit I. |
| **ACCELERATED WRITER** | Renewed April 29, 2013  Filed: August 10, 2001 Registered: April 29, 2003 Last Renewal: April 29, 2013 | (Int'l Class: 09) Computer software for promoting achievement in writing through the use of lesson and practice exercises | RN: 2712011 SN: 76299005  See Exhibit J. |
| **ACCELERATING LEARNING FOR ALL** | Pending - Suspended March 23, 2016  Filed: August 12, 2015 | (Int'l Class: 16) Printed publications, namely, educational workbooks, textbooks, worksheets and manuals in the field of reading, early literacy skills, math and assessment for k-12 students and enterprise level academic improvement initiatives (Int'l Class: 41) | SN: 86722937  See Exhibit K. |

| Mark/Name | Status/Key Dates | Full Goods/Services | App. No./Reg. No./Exhibit Info. |
|---|---|---|---|
| | | Educational training and programs designed to improve reading comprehension, reading fluency, math skills, and assessment of academic abilities (Int'l Class: 42) Providing an interactive website featuring non-downloadable computer software for reading, early literacy skills, math and assessment used in computerized educational software programs by educators and access to interactive education materials | |

Information relating to Renaissance Learning's relevant federal trademark applications and registrations for the ACCELERATED Marks is attached in Exhibits A through K as noted in the chart above.

10.     The registrations for the ACCELERATED Marks were issued in compliance with the law, are valid and in full force and effect.  Renaissance Learning's registrations for the ACCELERATED Marks are prima facie evidence of the validity of the registered marks, of registration of the marks, of Renaissance Learning's ownership of the mark, and of Renaissance Learning's exclusive right to use the marks pursuant to 15 U.S.C. §1057(b).

11.     In addition, Renaissance Learning's registrations constitute constructive use of the registered marks, conferring Renaissance Learning's nationwide priority as of the filing date of these applications.

12.     The following registrations are also incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065:  U.S. Trademark Registration Nos. 2011339, 2364852, 3032269, 2712060, 2712011, 2474008 and 2738719.  Consequently, these registrations are conclusive evidence of the validity of the registered marks, of Renaissance Learning's ownership of these

marks, and of Renaissance Learning's exclusive right to use these registered marks in commerce under Section 33 of the Lanham Act, 15 U.S.C. § 1115.

13.     Accelerate Learning has been on constructive notice of Renaissance Learning's rights in the ACCELERATED READER mark since at least as early as 1985.

14.     Renaissance Learning has advertised and promoted the ACCELERATED Marks extensively, and has made substantial sales of its educationally-based products and services bearing the ACCELERATED Marks.

15.     The result of these activities is that the ACCELERATED Marks have achieved widespread consumer recognition, making them strong marks entitled to broad protection against infringement.

16.     Renaissance Learning's ownership of the ACCELERATED Marks and their registration, where applicable, accord Renaissance Learning exclusive nationwide and common law rights to the use of the ACCELERATED Marks for its goods and services in the educational field, and the right to prevent others from making infringing use of the ACCELERATED Marks or any marks confusingly similar thereto.

17.     Accelerate Learning began promoting and selling directly competitive educational services under a confusingly similar name.  Specifically, Accelerate Learning adopted, used and registered the mark ACCELERATE LEARNING (with a design element) for educationally-based products and services for students in the pre-kindergarten through senior high school grade levels.

18.     Accelerate Learning owns and operates an active website located at acceleratelearning.com, where it promotes and sells its educationally-based products and services.

19.     Accelerate Learning promotes and uses the mark ACCELERATE LEARNING for its educationally-based products and services in this judicial district and nationwide.

20.     ACCELERATE LEARNING products and services, and Renaissance Learning's products and services, are marketed, promoted and sold to the same consumers through overlapping channels of trade.

21.     Based upon its original petition in the District Court of Harris County, Accelerate Learning alleges ownership of the following U.S. trademark registration:

| Mark/Name | Full Goods/Services | App. Info. |
|---|---|---|
|  Accelerate Learning | (Int'l Class: 41) Providing educational information in the field of science, technology, engineering and mathematics for the purpose of academic study, teacher training in the fields of science, technology, engineering, and mathematics and distribution of printable teaching materials in connection therewith | Registration No. 4944039  Filed on January 6, 2015  Alleged date of first use: Nov. 1, 2013  Registered on  April 26, 2016 |

Information relating to Accelerate Learning's relevant federal trademark registration for the ACCELERATE LEARNING and Design Mark is attached in Exhibit L.

22.     Accelerate Learning uses the mark ACCELERATE LEARNING (in design form as set forth in U.S. Reg. No. 4944039, and in standard character form as "Accelerate Learning") (herein after "the ACCELERATE LEARNING Mark") on social media to promote and direct viewers to the website acceleratelearning.com, wherein users can read about Accelerate Learning's educationally-based products and services directly or be directed to www.acceleratelearning.com.

23.     The ACCELERATE LEARNING Mark is confusingly similar to the ACCELERATED Marks, especially Renaissance Learning's ACCELERATING LEARNING

FOR ALL mark.  Both marks are comprised of different forms of the term "accelerate" immediately followed by the word "learning."

24.     Accelerate Learning's use of the name ACCELERATE LEARNING for educationally-based products and services in interstate commerce began after Renaissance Learning first used the ACCELERATING LEARNING FOR ALL mark, and well after the commencement of Renaissance Learning's ACCELERATED Marks.

25.     Accelerate Learning has been made aware of Renaissance Learning's prior rights in the ACCELERATED Marks.  Renaissance Learning sent Accelerate Learning a cease and desist letter, but Accelerate Learning refuses to cease use of the ACCELERATE LEARNING Mark or surrender U.S. Registration No. 4944039.

26.     Accelerate Learning's use of the substantially similar mark in connection with the same or substantially similar type of products and services targeted at the same types of consumers through the same trade channels as Renaissance Learning constitutes trademark infringement and unfair business practices as such use is likely to confuse the relevant consuming public into believing the products and services of Accelerate Learning are affiliated with or sponsored by Renaissance Learning.

27.     The confusion caused by Accelerate Learning's use of the ACCELERATE LEARNING Mark has harmed Renaissance Learning and will continue to do so unless and until Accelerate Learning is enjoined.

28.     Accelerate Learning is aware of Renaissance Learning's prior rights referenced above.

29.     In addition, Renaissance Learning's federal trademark registrations have provided constructive notice of Renaissance Learning's rights, including through Renaissance Learning's use of the ® symbol in connection with its registered marks.

30.     Accelerate Learning has used a mark that is confusingly similar to the ACCELERATED Marks in connection with the promotion and/or sale of the same or similar types of goods and services of Renaissance Learning without the consent of Renaissance Learning in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods and services.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

31.     Renaissance Learning repeats and re-alleges paragraphs 1-30 above.

32.     This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127 and 15 U.S.C. §§ 1114, 1117.

33.     Accelerate Learning has used a mark substantially similar to the ACCELERATED Marks in connection with the promotion and/or sale of educationally-based products and services without the consent or authorization of Renaissance Learning in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those services.  These activities have led to and are likely to lead to confusion in the marketplace.  Accelerate Learning's use of the ACCELERATE LEARNING Mark is likely to mislead and cause customers and/or the general public to believe that the Accelerate Learning's goods and services are offered by or under the authority of Renaissance Learning.  Accelerate Learning's use of the ACCELERATE LEARNING Mark infringes Renaissance Learning's rights in the ACCELERATED Marks.

34.     Renaissance Learning's goodwill in the ACCELERATED Marks will be irreparably harmed if Accelerate Learning continues its actions.

35.     Accelerate Learning's actions constitute trademark infringement under 15 U.S.C. § 1114.

36.     Accelerate Learning's actions were taken in willful, deliberate and intentional disregard to Renaissance Learning's rights.  This case is exceptional under Section 35 of the Lanham Act, 15 U.S.C. § 1117.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

37.     Renaissance Learning has been damaged by the actions of Accelerate Learning in an amount which is as yet undetermined.  If the acts of Accelerate Learning are allowed to continue, Renaissance Learning will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION

38.     Renaissance Learning repeats and re-alleges paragraphs 1-37 above.

39.     The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051 - 1127 and 15 U.S.C. § 1125(a).

40.     Accelerate Learning's use of the ACCELERATE LEARNING Mark in connection with the promotion and/or sale of goods and services identical and/or highly similar to the goods and services of Renaissance Learning without the consent of Renaissance Learning is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Accelerate Learning's goods and services among purchasers and/or users of those goods and services.   Accelerate Learning's use of the ACCELERATE LEARNING Mark infringes Renaissance Learning's rights in its federally registered marks and common law trademarks.

41.     Accelerate Learning's acts constitute a willful false designation of origin and misrepresentation in violation of 15 U.S.C. § 1125(a).

42.     Renaissance Learning has been damaged by the actions of Accelerate Learning in an amount which is as yet undetermined.  If the acts of Accelerate Learning are allowed to

continue, Renaissance Learning will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT III

### CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

43.     Renaissance Learning repeats and re-alleges paragraphs 1-42 above.

44.     The ACCELERATED Marks are distinctive and were distinctive before Accelerate Learning registered the domain name acceleratelearning.com ("the Infringing Domain Name").

45.     The Infringing Domain Name is confusingly similar to the ACCELERATED Marks, especially the mark ACCELERATING LEARNING FOR ALL.

46.     Accelerate Learning registered and used the Infringing Domain Name to divert consumers from Renaissance Learning's web site to a web site accessible under the Infringing Domain Name for Accelerate Learning's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the web site.

47.     Accelerate Learning's continued registration and use of the Infringing Domain Name is intended primarily to capitalize on the good will associated with Renaissance Learning.

48.     Accelerate Learning registered, trafficked in or used the Infringing Domain Name with a bad faith intent to profit from the ACCELERATED Marks and Renaissance Learning's associated good will.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

49.     Accelerate Learning's diversion of traffic from Renaissance Learning has harmed and continues to harm Renaissance Learning's ability to generate business and keep members.

50.     Accelerate Learning's continued registration and use of the Infringing Domain Name causes Renaissance Learning's customers and potential customers to mistakenly believe that they are on Renaissance Learning's website.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

51.     Accelerate Learning's registration and use of the Infringing Domain Names has caused and will continue to cause damage to Renaissance Learning, in an amount to be proven at trial, and is causing irreparable harm to Renaissance Learning, for which there is no adequate remedy at law.

**COUNT IV**

**COMMON LAW TRADEMARK INFRINGEMENT**

52.     Renaissance Learning repeats and re-alleges paragraphs 1-51.

53.     Accelerate Learning's acts complained of above are likely to cause confusion with the ACCELERATED Marks in violation of the common law of the State of Texas.

54.     Accelerate Learning's acts complained of above constitute trademark infringement in violation of the common law of the State of Texas.

55.     The acts of Accelerate Learning complained of above are likely to deceive the relevant consuming public into accepting and purchasing Accelerate Learning's goods and services in the mistaken belief that they are Renaissance Learning's goods and services, or that they are sponsored by, connected with, or supplied under the supervision of Renaissance Learning.

56.     As a result of Accelerate Learning's acts, Renaissance Learning has already suffered damage and will continue to suffer damage, while Accelerate Learning profits at Renaissance Learning's expense. Accelerate Learning's activities entitle Renaissance Learning to Accelerate Learning's profits and to damages for such infringement.

57.     Unless Accelerate Learning is enjoined, Renaissance Learning has no adequate remedy at law and will be irreparably harmed.

58.     Accelerate Learning's acts complained of herein have continued despite Renaissance Learning's notice of its prior trademark rights in virtually the same mark for the same product and services, with no regard for Renaissance Learning's trademarks or the risk of consumer confusion, making this an exceptional case and entitling Renaissance Learning to enhanced damages and attorney's fees at least as provided under Texas Civil Practices & Remedies Code § 41.003.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

59.     Renaissance Learning repeats and re-alleges paragraphs 1-58 above.

60.     The acts of Accelerate Learning complained of above constitute unfair competition in violation of the common law of the State of Texas.

61.     The acts of Accelerate Learning complained of above are likely to deceive the relevant consuming public into accepting and purchasing Accelerate Learning's goods and services in the mistaken belief that they are Renaissance Learning's goods and services, or that they are sponsored by, connected with, or supplied under the supervision of Renaissance Learning.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

62.     Accelerate Learning's adoption, use and registration of the ACCELERATE LEARNING Mark to identify its educationally-based goods and services constitutes unfair competition.  By such use, Accelerate Learning has represented that its goods and services are

actually those supplied by Renaissance Learning. This use creates a likelihood that the public will be confused or deceived.

63.     Accelerate Learning's actions constitute dilution, unfair competition, palming off, unjust enrichment and misappropriation of Renaissance Learning's rights under Tex. Bus. & Comm. Code, § 16.29 and the common law of the State of Texas.  Such acts permit, and will continue to permit, Accelerate Learning to use and benefit from the goodwill and reputation earned by Renaissance Learning to obtain a ready client acceptance of the goods and services offered for sale, and to give Accelerate Learning's goods and services a salability they would not otherwise have, all at Renaissance Learning's expense.

64.     As a result of Accelerate Learning's acts, Renaissance Learning has already suffered damage and will continue to suffer damage, while Accelerate Learning profits at Renaissance Learning's expense. Accelerate Learning's activities entitle Renaissance Learning to Accelerate Learning's profits and to damages for such acts of unfair competition.

65.     Unless Accelerate Learning is enjoined, Renaissance Learning has no adequate remedy at law and will be irreparably harmed.

66.     Accelerate Learning's acts complained of herein have continued despite Renaissance Learning's notice of its prior trademark rights in virtually the same mark for the same product and services, with no regard for Renaissance Learning's trademarks or the risk of consumer confusion, making this an exceptional case and entitling Renaissance Learning to enhanced damages and attorney's fees.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT VI

## UNJUST ENRICHMENT

67.     Renaissance Learning's repeats and re-alleges paragraphs 1-66 above.

68.     The acts of Accelerate Learning complained of above constitute unjust enrichment of Accelerate Learning at the expense of Renaissance Learning.

## COUNT VII

## DILUTION UNDER TEXAS LAW – TEX. BUS. & COMM. CODE §16.29

69.     Renaissance Learning repeats and re-alleges paragraphs 1-66 above.

70.     Accelerate Learning's acts complained of above constitute dilution of the ACCELERATED Marks and an injury to Renaissance Learning's business reputation in violation of § 16.29 of the Texas Bus. & Comm. Code.

71.     Accelerate Learning's conduct has injured, or is likely to injure, Renaissance Learning's business reputation and/or has diluted, or is likely to dilute, the distinctive quality of the ACCELERATED Marks, entitling Renaissance Learning at least to an injunction. Specifically, Accelerate Learning's use of the ACCELERATE LEARNING Mark is likely to injure Renaissance Learning's business reputation or likely to dilute the ACCELERATED Marks, regardless of whether there is competition between Renaissance Learning and Accelerate Learning or confusion as to the source of the parties' goods and services.

72.     As a result of Accelerate Learning's acts, Renaissance Learning has already suffered damage and will continue to suffer damage, while Accelerate Learning profits at Renaissance Learning's expense.   Accelerate Learning's activities entitle Renaissance Learning to Accelerate Learning's profits and to damages for such dilution.

73.     Unless Accelerate Learning is enjoined, Renaissance Learning has no adequate remedy at law and will be irreparably harmed.

74.     Accelerate Learning's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Renaissance Learning's rights and with intent to cause confusion, dilution, and to trade off Renaissance Learning's vast good will in the ACCELERATED Marks, making this an exceptional case and entitling Renaissance Learning to an award of exemplary damages and attorney's fees at least as provided under Texas Civil Practice and Remedies Code § 41.003.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT VIII

## DECEPTIVE BUSINESS PRACTICES – TEX. BUS. & COMM. CODE §17.41

75.     Renaissance Learning repeats and re-alleges paragraphs 1-74 above.

76.     Accelerate Learning has engaged in unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41.

77.     Accelerate Learning's use of a substantially similar mark in connection with the same type of products and services targeted at the same types of consumers through the same trade channels as Renaissance Learning constitutes deceptive business practices as such use has the capacity and tendency to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of these goods and services.

78.     Accelerate Learning's use of a substantially similar mark in connection with the same type of products and services targeted at the same types of consumers through the same trade channels as Renaissance Learning constitutes deceptive business practices as such use has the capacity and tendency to cause confusion or misunderstanding as to the affiliation, connection, or association with Renaissance Learning.

79.     Renaissance Learning has been damaged as a direct result of Accelerate Learning's misleading, or deceptive acts or practices as outlined above.

## COUNT IX

## CANCELLATION OF THE ACCELERATE LEARNING REGISTRATION (NO. 4,944,039) UNDER 15 U.S.C §§ 1064 AND 1119

80.     Renaissance Learning repeats and re-alleges paragraphs 1-79 above.

81.     When Accelerate Learning applied to register the ACCELERATE LEARNING and Design mark in International Class 41, it at least had constructive notice, if not actual notice, of Renaissance Learning's prior use and registration of the ACCELERATED Marks for related educationally-based products and services.

82.     The ACCELRATE LEARNING and Design mark so closely resembles Renaissance Learning's prior used and prior registered marks as to be likely, when used in connection with the educationally-based goods and services, to cause confusion, mistake, or deception as prohibited by Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), such that continued registration of the ACCELERATE LEARNING and Design mark for educational services is damaging Renaissance Learning.

83.     The federal registration of the ACCELERATE LEARNING and Design mark (Reg. No. 4,944,039) in International Class 41 was therefore wrongfully obtained.

84.     Accelerate Learning's federal registration of the ACCELERATE LEARNING and Design mark (Reg. No. 4,944,039) has been cited as a trademark application that may be a bar to Renaissance Learning's trademark application Ser. No. 86/722,937 for the mark ACCELERATED LEARNING FOR ALL under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), because of a likelihood of confusion between the marks.

85.     Continued registration of the ACCELERATE LEARNING and Design mark to Accelerate Learning damages Renaissance Learning pursuant to allegations above.

86.     Pursuant to 15 U.S.C. §§ 1064 and 1119, the Court should direct the USPTO to cancel the ACCELERATE LEARNING and Design federal registration (Reg. No. 4,944,039).

## JURY DEMAND

87.     Renaissance Learning requests that this case be tried to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Renaissance Learning prays that the Court enter an Order:

A.     Preliminarily and permanently enjoining and restraining Accelerate Learning and Accelerate Learning's directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Accelerate Learning:

1.     from using in any way the ACCELERATE LEARNING Mark or any other marks, words or names confusingly similar to the ACCELERATED Marks as the name or mark for any of Accelerate Learning's goods or services or its corporate name;

2.     from committing any acts of unfair competition and from creating a false designation of origin or a false description or representation with respect to the ACCELERATED Marks;

4.     from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods or services which are not Renaissance Learning's goods and services as those of Renaissance Learning;

5.     from using in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the Accelerate Learning's goods and services bearing the ACCELERATE LEARNING Mark, and any other mark, word, design or name confusingly similar to the ACCELERATED Marks;

6.      from making any statements on promotional materials or advertising for the Accelerate Learning's goods and services which are false or misleading as to source or origin;

7.      from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Accelerate Learning's goods and services are the goods and services of Renaissance Learning or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Renaissance Learning under the supervision or control of Renaissance Learning.

B.      Requiring that Accelerate Learning deliver up to Renaissance Learning any and all packaging, containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way use or make reference to the ACCELERATE LEARNING Mark in connection with Accelerate Learning's goods and services.

C.      Requiring that Accelerate Learning, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Renaissance Learning's counsel a written report under oath setting forth details of the manner in which Accelerate Learning has complied with the Court's order pursuant to paragraphs A - B above.

D.      Requiring Accelerate Learning to account and pay over to Renaissance Learning all damages sustained by Renaissance Learning, Accelerate Learning's profits, statutory damages, attorneys' fees, and costs, and ordering that the amount of damages awarded Renaissance Learning be increased three times the amount thereof.

E.      Cancelling Accelerate Learning's trademark registration for the ACCELERATE LEARNING and Design Mark.

F.      Requiring     Accelerate     Learning     to     transfer     the     domain     name
acceleratelearning.com to Renaissance Learning, and any other domain names that Accelerate
Learning may own or operate comprised of the term "accelerate".

G.      Awarding Renaissance Learning such other relief as the Court may deem just and
proper.

Date:   _September 9, 2016_____        /s/David L. Terrell_____
                                        Robert J. McAughan
                                        David L. Terrell
                                        Sutton McAughan Deaver PLLC
                                        3 Riverway, Suite 900
                                        Houston, TX 77056
                                        Phone:  (713) 800-5700
                                        Fax:  (713) 800-5699
                                        bmcaughan@SMD-IPLaw.com
                                        dterrell@SMD-IPLaw.com

                                        Counsel (to file for pro hac vice admission)
                                        Scott W. Johnston
                                        Danielle I. Mattessich
                                        MERCHANT & GOULD, P.C.
                                        3200 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN 55402
                                        Phone: 612.332.5300
                                        Fax:  612.332.9081
                                        sjohnston@merchantgould.com
                                        dmattessich@merchantgould.com

                                        *Counsel for Defendant Renaissance Learning, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the forgoing document was

served on the following counsel, via email (by agreement) on September 9, 2016:


Donald D. Jackson
Texas Bar No. 00787753
Mini Kapoor
Texas Bar No. 24080969
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: 713-547-2026
Telecopier: 713-236-5645
donald.jackson@haynesboone.com
mini.kapoor@haynesboone.com

David Bell
Texas Bar No. 24036209
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: 214-651-5248
Telecopier: 214-200-0822
david.bell@haynesboone.com


/s/David L. Terrell_____